**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| SB INITIATIVE, INC. a 501(c)(3)  Organization | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| v. | ) | |
| | ) | **Docket No. 3:24-cv-821** |
| CHEEKWOOD BOTANICAL GARDEN | ) | **DISTRICT JUDGE ELI J.** |
| AND MUSEUM OF ART, a 501(c)(3) | ) | **RICHARDSON** |
| Organization | ) | **MAGISTRATE JUDGE** |
| | ) | **BARBARA D. HOLMES** |
| Defendant/Counter-Plaintiff. | ) | |

## ANSWER TO COUNTERCLAIMS

In response to the allegations contained in Defendant Cheekwood Botanical Garden and Museum of Art's ("Cheekwood") counterclaims, Plaintiff SB Initiative, Inc. ("SBI"), by and through undersigned counsel, states as follows:

1.      Admitted.

2.      Admitted.

3.      Paragraph 3 contains recitations of statutes and legal conclusions to which no response is required. To the extent a response is required, SBI admits that Cheekwood attempts to assert in its Counterclaim the listed causes of action, except for the Computer Fraud and Abuse Act.  SBI denies all remaining allegations in Paragraph 3, and SBI specifically denies that Cheekwood has

1

standing to assert the listed causes of action, has adequately pleaded such causes of action, or is entitled to any relief whatsoever against SBI.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, SBI denies that Cheekwood's counterclaims under Tennessee law satisfy 28 U.S.C. § 1331. SBI admits the remaining allegations of Paragraph 4.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, SBI denies the allegations of Paragraph 5.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, SBI denies the allegations of Paragraph 6.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, SBI admits that it is incorporated in this District and has its principal place of business in this District. SBI denies the remaining allegations of Paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, SBI denies the allegations of Paragraph 8.

9. Admitted.

10. On information and belief, admitted.

11. On information and belief, admitted.

12. On information and belief, admitted.

13. Admitted.

14. On information and belief, admitted.

15. On information and belief, admitted.

16. SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and on that basis denies them.

17.     SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 and on that basis denies them.

18.     SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and on that basis denies them.

19.     On information and belief, admitted.

20.     SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and on that basis denies them.

21.     SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and on that basis denies them.

22.     SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and on that basis denies them.

23.     SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and on that basis denies them.

24.     SBI admits that Cheekwood is established as a not-for-profit entity under federal and state law. SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24 and on that basis denies them.

25.     Admitted.

26.     SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and on that basis denies them.

27.     Admitted.

28.     On information and belief, admitted.

29.     SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 and on that basis denies them.

30.     Admitted, on information and belief.

31.     Admitted, on information and belief.

32.     SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and on that basis denies them.

33.     SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 and on that basis denies them.

34.     SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and on that basis denies them.

35.     SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 and on that basis denies them.

36.     SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 and on that basis denies them.

37.     Admitted, on information and belief.

38.     Admitted, on information and belief.

39.     SBI admits that the Swan Ball is an annual white-tie charity event established in 1963. SBI denies the remainder of the allegations in Paragraph 39. For drafting clarity only, the event referenced by Cheekwood in paragraph 39 of the counterclaim is referred to in this Answer as the "Swan Ball". SBI does not adopt or admit any of the various characterizations of the Swan Ball offered by Cheekwood in the counterclaim.

40.     SBI admits that in 1962, Dr. Garth Fort discussed the idea of a fundraising ball with Jane Anderson Dudley, a leading hostess and prominent Nashville philanthropist.  SBI admits that Dr. Fort was then president of the new Tennessee Fine Arts Center and Botanical Gardens at Cheekwood.  SBI denies the remaining allegations of Paragraph 40.

4

41.     Denied.

42.     Denied. Specifically denied that Mrs. Dudley's role was pursuant to an appointment from Cheekwood.

43.     Admitted.

44.     SBI admits that Mrs. Dudley became an honorary chair and remained heavily involved in the production of the Swan Ball. SBI denies the remaining allegations of Paragraph 44.

45.     SBI admits that the use of the word "Swan" in the name of the first Swan Ball was a reference to the venue being located on the Swan Lawn. SBI denies all other allegations within Paragraph 45 that characterize the Swan Ball as being "named for" the Swan Lawn. SBI lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 45 and on that basis denies them.

46.     SBI admits that the annual Swan Ball from 1963 to 2024, when held, was located on the Swan Lawn. SBI denies that Cheekwood has hosted the Swan Ball, denies any allegation purporting to assign a definite meaning to the undefined and vague term "eponymous," and denies all additional allegations of Paragraph 46.

47.     SBI admits that over the years, fundraising events and activities leading up to the Swan Ball gala have been organized and held under the SWAN BALL Mark. SBI specifically denies that such events and activities have been "organized and held for Cheekwood" and denies all further allegations of Paragraph 47. For drafting clarity only, the trademark referenced by Cheekwood in paragraph 47 of the counterclaim is referred to in this Answer as the "SWAN BALL Mark". SBI does not adopt or admit any of the various characterizations of the SWAN BALL Mark offered by Cheekwood in the counterclaim.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied

53.     SBI denies that Cheekwood has spent any resources at all developing and promoting the SWAN BALL Mark.  SBI admits that Cheekwood promotes Cheekwood's services through Cheekwood's website, print media, and other promotional campaigns, including within the state of Tennessee.  SBI denies all further allegations of Paragraph 53.

54.     SBI admits that Cheekwood is listed in Tennessee state records as the owner of the trademark registration shown in Exhibit 1.  SBI denies that Cheekwood is the owner of or has valid title to the SWAN BALL Mark and denies all further allegations of Paragraph 54. SBI does not adopt or admit any of the various characterizations of the Tennessee trademark registration offered by Cheekwood in the counterclaim.

55.     SBI admits that the referenced Tennessee trademark registration issued on July 1, 2004. SBI denies that the registration has ever been valid, nor therefore subsisting since that date or on any date thereafter, and denies all further allegations of Paragraph 55.

56.     Paragraph 56 contains legal conclusions to which no response is required.  To the extent a response is required, SBI denies all allegations of Paragraph 56.

57.     SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 and on that basis denies them.

58.     Denied.

59.     SBI admits that Cheekwood is listed in USPTO records as having applied for the trademark registration described in U.S. application no. 98584547. SBI denies that Cheekwood validly owns such application and denies all further allegations of Paragraph 59.

60.     Denied.

61.     Denied. Specifically denied that Cheekwood has expended *any* time, effort, or resources to promote the SWAN BALL Mark or develop goodwill associated therewith.

62.     SBI admits that the SWAN BALL Mark is inherently distinctive. SBI denies that such inherent distinctiveness is "when used in conjunction with Cheekwood's charitable fundraising services" and denies all further allegations of Paragraph 62.

63.     Denied.

64.     Denied.

65.     SBI admits that the SWAN BALL Mark is well-known and famous. SBI denies that Cheekwood is well-known or famous, that Cheekwood uses the SWAN BALL Mark, that Cheekwood and the Swan Ball are well-known and famous together, and all other allegations of Paragraph 65.

66.     Denied.

67.     SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 and on that basis denies them. SBI specifically denies that Cheekwood's listing as described in Paragraph 67 is lawful or proper.

68.     SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 and on that basis denies them.

69.     SBI admits that volunteers have helped to plan and organize the Swan Ball gala and associated fundraising events and activities. SBI denies all further allegations of Paragraph 69.

70. SBI admits that the Swan Ball has historically been chaired by one or two volunteer annual co-chairmen. SBI denies that the title "Ball chair" is used and denies all further allegations of Paragraph 70.

71. SBI admits that Mrs. Dudley was the first annual chairman and enlisted the help of prominent Nashville civic and social leaders, men and women alike, to make the first Swan Ball a financial success. SBI denies all further allegations of Paragraph 71.

72. Denied.

73. Paragraph 73 contains a drafting note to which no response is required. To the extent a response is required, SBI denies the allegations of Paragraph 73.

74. Denied.

75. Denied.

76. SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 and on that basis denies them.

77. Denied.

78. SBI denies any allegation purporting to assign a definite meaning to the undefined and vague term "conducted under," and denies all additional allegations of Paragraph 78.

79. SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 and on that basis denies them.

80. Denied.

81. SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81 and on that basis denies them.

82. SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 and on that basis denies them.

83.     SBI admits that Exhibit 4 appears to be an exemplar tax acknowledgment letter.  SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 83 and on that basis denies them.

84.     SBI admits that Cheekwood registered the raffles conducted in connection with the Swan Ball and associated auction with the Tennessee Secretary of State in conjunction with the 2022 and 2023 Swan Ball galas. SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 84 and on that basis denies them.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Admitted.

90.     Admitted.

91.     Admitted.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Admitted.

97.     SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97 and on that basis denies them.

98.     SBI admits that there exists a dedicated bank account for the Swan Ball. SBI denies all further allegations of Paragraph 98. For drafting clarity only, the bank account referenced by

9

Cheekwood in Paragraph 98 of the counterclaim is referred to in this Answer as the "SWAN BALL Bank Account". SBI does not adopt or admit any of the various characterizations of the SWAN BALL Bank Account offered by Cheekwood in the counterclaim and expressly denies that Cheekwood established any of the annual accounts prior to 2024.

99.     Denied.

100.    SBI admits that the SWAN BALL Bank Account holds the monetary donations raised by the Swan Ball and associated events.  SBI denies all further allegations of Paragraph 100.

101.    SBI admits that expenses incurred in connection with the Swan Ball and associated events are paid from the SWAN BALL Bank Account.  SBI specifically denies that this account is "Cheekwood's" and denies all further allegations of Paragraph 101.

102.    Denied.

103.    Denied.

104.    Denied.

105.    SBI admits that the Swan Ball has maintained a physical office on Cheekwood grounds. SBI denies all further allegations of Paragraph 105. For drafting clarity only, the office referenced by Cheekwood in Paragraph 105 of the counterclaim is referred to in this Answer as the "Swan Ball Office". SBI does not adopt or admit any of the various characterizations of the Swan Ball Office offered by Cheekwood in the counterclaim and expressly denies that such office is dedicated to planning or management of the Swan Ball and associated events and activities by Cheekwood.

106.    SBI admits that the Swan Ball Office has previously been staffed with two full-time employees.  SBI denies all further allegations in Paragraph 106.

107.    SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 107 and on that basis denies them.

108.    SBI admits that the Swan Ball Office has previously maintained information and data regarding the Swan Ball and associated events. SBI denies all further allegations in Paragraph 108.

109.    SBI admits that the email address swanball@cheekwood.org has previously been used by, among others, employees in the Swan Ball Office. SBI denies all further allegations in Paragraph 109.

110.    Denied.

111.    SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 111 and on that basis denies them.

112.    Paragraph 112 contains legal conclusions to which no response is required. To the extent a response is required, SBI denies the allegations in Paragraph 112.

113.    SBI admits that Exhibit 5 purports to be two exemplar letters that appear to be the form letter distributed to approximately 50-150 Swan Ball volunteers in a given year, from the respective years' Swan Ball Co-Chairmen thanking "Jane" for joining the "leadership committee" for the 2020 and 2021 Swan Ball events. SBI does not admit any express or implied characterizations of the "leadership committee" offered by Cheekwood in the counterclaim and expressly denies that the "leadership committee" exercised any decision-making authority over or within the Committee. SBI denies all further allegations of Paragraph 113.

114.    Denied.

115.    Denied.

116.    SBI admits that Exhibit 6 purports to show that between two and four members of Cheekwood's senior staff were listed in three recent Swan Ball programs on a page titled "Swan Ball Committee" among ninety-nine other volunteers (2024), one-hundred and one other volunteers (2023) and eighty-eight other volunteers (2022). SBI does not adopt or admit any express or implied characterizations of the recited "Swan Ball Committee" offered by Cheekwood in the counterclaim and expressly denies that named Cheekwood personnel exercised any influence, authority, or decision-making power over or within the Committee.  SBI denies all further allegations of Paragraph 116.

117.    Denied.

118.    Denied.

119.    Paragraph 119 contains legal conclusions to which no response is required.  To the extent a response is required, SBI denies the allegations of Paragraph 119.

120.    Denied.

121.    Paragraph 121 contains legal conclusions to which no response is required. To the extent a response is required, SBI denies the allegations of Paragraph 121.

122.    On information and belief, denied.

123.    SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 123 and on that basis denies them.

124.    Denied.

125.    Denied.

126.    Denied.

127. SBI admits that solicitation packets sent to potential underwriters of the Swan Ball and associated events and activities have contained information pertaining to Cheekwood as that year's intended beneficiary. SBI denies all further allegations in Paragraph 127.

128. SBI admits that solicitation packets sent to potential Swan Ball Auction donors have contained information pertaining to Cheekwood as that year's intended beneficiary. SBI denies all further allegations in Paragraph 128.

129. SBI admits that Exhibit 7 purports to be an auction brochure marketing form including the quoted language and lists Cheekwood's address, telephone number, and email address. SBI denies all further allegations in Paragraph 129.

130. SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 130 and on that basis denies them.

131. SBI denies that Cheekwood representatives attend and participate in the Swan Ball and events "every year." Invitations to each Swan Ball are at the exclusive discretion of the Committee, and no individual, including the Cheekwood CEO or members of Cheekwood's Board of Trustees, may attend the Swan Ball without being invited by the Committee. SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 131 and on that basis denies them.

132. Denied.

133. SBI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 133 and on that basis denies them.

134. Denied. SBI specifically denies that Cheekwood owns or maintains the website located at the alleged domain. For drafting clarity only, the website at the URL recited by Cheekwood in Paragraph 134 of the counterclaim is referred to in this Answer as the "SWAN BALL Website".

SBI does not adopt or admit any express or implied characterizations of the recited "SWAN BALL Website" offered by Cheekwood in the counterclaim.

135.    Denied.

136.    SBI admits that Exhibit 8 purports to be a copy of exemplary screenshots from the SWAN BALL Website.  SBI denies the remaining allegations of Paragraph 136.

137.    SBI admits that the SWAN BALL Website includes the excerpted image.  SBI denies the remaining allegations of Paragraph 137.

138.    Denied.

139.    Denied.

140.    SBI admits that Cheekwood seized administrative control of the SWAN BALL Website. SBI does not adopt or admit any express or implied characterizations of the seizure offered by Cheekwood in the counterclaim and expressly denies that Cheekwood had authority to seize the website. SBI denies all further allegations of Paragraph 140.

141.    SBI admits that Cheekwood has, without authority, commandeered administration of the SWAN BALL Website and domain.  SBI denies the remaining allegations of Paragraph 141.

142.    Denied.

143.    Denied.  SBI expressly denies that Exhibit 9 is a true and correct list of invoice records for the www.swanball.com domain.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.     SBI lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 148 and on that basis denies them.

149.     SBI admits that, until Cheekwood commandeered the website without authority, the website design vendor handled updates to the website.  SBI denies all further allegations of Paragraph 149.

150.     Denied.

151.     Denied.

152.     Denied.  For drafting clarity only, the donor database management account described by Cheekwood in Paragraph 152 of the counterclaim is referred to in this Answer as the "FrontStream Account".  SBI does not adopt or admit any express or implied characterizations of the FrontStream Account offered by Cheekwood in the counterclaim.

153.     Denied.

154.     Denied.

155.     SBI admits that the FrontStream Account was renewed on October 31, 2019. SBI denies all further allegations of Paragraph 155.

156.     As Cheekwood has locked SBI out of the account mentioned in Paragraph 156, SBI lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 156 and on that basis denies them.

157.     Denied.

158.     Denied.

159.     Denied.

160.     Denied.

161.     Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.  For drafting clarity only, the online auction service account described by Cheekwood in Paragraph 166 of the counterclaim is referred to in this Answer as the "ClickBid Account".  SBI does not adopt or admit any express or implied characterizations of the ClickBid Account offered by Cheekwood in the counterclaim and expressly denies that Cheekwood owns the ClickBid account.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    SBI lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 173 and on that basis denies them.

174.    Denied.

175.    Denied. SBI expressly denies that the IT assets listed in Paragraph 175 as "Cheekwood IT" belong to Cheekwood and, for drafting purposes only, will refer to them collectively as "Disputed IT."

176.    Denied.

177.    Denied.

16

178.    Denied.  SBI specifically denies that Cheekwood possesses authority to deny SBI's access to Disputed IT.

179.    SBI admits that, through the hard work of thousands of volunteers and the support of donors, patrons, and the Nashville community, the Swan Ball has become an esteemed charity ball, an international social event, and a treasured Nashville tradition.  SBI denies the remaining allegations of Paragraph 179.

180.    Denied.

181.    Denied.  SBI specifically denies that Cheekwood maintains any control over the nature and quality of the charitable services offered under the SWAN BALL Mark.

182.    SBI lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 182 and on that basis denies them.

183.    SBI lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 183 and on that basis denies them.

184.    SBI lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 184 and on that basis denies them.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.  SBI specifically denies that there existed any "standard practice" for addressing any "issues," to include those of financial accountability, with the Committee.

190.    SBI admits that proposed standard operating procedures were circulated by Cheekwood. SBI denies that Cheekwood possessed any authority to propose or impose standard operating

17

procedures on the Committee. SBI lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 190 and on that basis denies them.

191.    SBI admits that Exhibit 10 purports to be the proposed standard operating procedures that were circulated.  SBI denies that Cheekwood possessed any authority to propose or impose standard operating procedures on the Committee. SBI denies that the contents of Exhibit 10 reflect the actual governance structure or standard operating procedures for the Swan Ball and denies all further allegations of Paragraph 191.

192.    SBI admits that the proposed standard operating procedures included purported proposed best practices.  SBI denies that Cheekwood had authority to promulgate or propose standard operating procedures for the Swan Ball or the Committee and denies all further allegations of Paragraph 192.

193.    SBI admits that the proposed standard operating procedures included the quoted provision.  SBI denies that Cheekwood had authority to promulgate or propose standard operating procedures for the Swan Ball or the Committee and denies all further allegations of Paragraph 193.

194.    Denied.

195.    SBI admits that a document was circulated that purported to outline a plan to increase the fundraising efficiency ratio.  SBI denies that Cheekwood was authorized to issue "Directives" to the Committee and denies all further allegations of Paragraph 195.

196.    SBI lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 196 and on that basis denies them.

197.    SBI admits that there was a meeting between Cheekwood personnel and Committee members.  SBI denies all further allegations of Paragraph 197.

198.    SBI admits that there was a meeting between Cheekwood personnel and certain Committee members at which the excerpted slides were shown. SBI denies all further allegations of Paragraph 198 and expressly denies that the excerpted data shows an accurate fundraising efficiency ratio of each Swan Ball event.

199.    SBI lacks knowledge or information sufficient to form a belief as to what Cheekwood believed and therefore denies all allegations of Paragraph 199 relating to Cheekwood's beliefs. SBI denies all further allegations of Paragraph 199.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied. SBI specifically denies that Cheekwood has established goodwill in connection with the SWAN BALL Mark. SBI specifically denies that its use of the SWAN BALL Mark constitutes trademark infringement and will, for drafting clarity, refer to the mark Cheekwood defines in its counterclaim as the "Infringing Mark" as the "SWAN BALL Mark."

204.    SBI admits that Ms. Nichols filed an application with the USPTO to register the SWAN BALL Mark on March 26, 2024, on behalf of and with the knowledge and permission of the decision-making body of the Committee. For drafting clarity only, SBI will refer to the application referenced in Paragraph 204 of the counterclaim as the "First Application". SBI does not adopt or admit any express or implied characterizations of the First Application offered by Cheekwood in the counterclaim and expressly denies that the First Application was made without the knowledge or permission of the Committee. SBI denies all further allegations of Paragraph 204.

205.    SBI admits that Ms. Nichols was a member of the Committee and met with Cheekwood. SBI denies all further allegations of Paragraph 205.

206.    Admitted.

207.    Denied.

208.    SBI admits that it was incorporated after the Nichols Application was filed. SBI denies the allegation that "it" did not exist at the time the Nichols Application was filed, as it existed in the form of the Committee and is a successor in interest to the Committee. SBI denies all further allegations of Paragraph 208.

209.    Denied.

210.    Admitted.

211.    SBI admits that it was incorporated as a Tennessee nonprofit corporation on May 23, 2024. SBI denies the remaining allegations of Paragraph 211 of the complaint and expressly denies that its incorporation was done "secretly" as a public document cannot be filed secretly.

212.    Admitted.

213.    Admitted.

214.    Admitted.

215.    SBI denies the allegation that "it" did not exist in June 1963, as it existed under the form of the Committee and is a successor in interest to the Committee. SBI denies all other allegations of Paragraph 215.

216.    Admitted.

217.    Admitted.

218.    Admitted.

219.    SBI admits that the signatory for the SBI Application was a member of the Executive Committee of the Committee.  SBI lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 219 and on that basis denies them.

220.    SBI admits that it submitted seven pages of screenshots of the SWAN BALL Website. SBI denies all further allegations of Paragraph 220.

221.    SBI denies the allegation that "it" did not exist on the claimed date of first use, as it existed under the form of the Committee.  SBI denies all further allegations of Paragraph 221.

222.    Admitted.

223.    Admitted.

224.    Denied.  Specifically denied that Cheekwood built up any fame or reputation in the mark at any expense. Specifically denied that Cheekwood incurred any expense with respect to the fame and reputation of the mark. Specifically denied that SBI intended to trade on the "goodwill of Cheekwood".

225.    Denied.

226.    SBI admits that Swan Ball volunteers attempted to gain access to the Swan Ball Mailchimp Account and the FrontStream Account as a part of the course of business of the Committee.  SBI denies that Cheekwood owns the recited accounts, denies that such attempts were covert, and denies all further allegations of Paragraph 226.

227.    SBI admits that former Swan Ball volunteers came to the Swan Ball Office in order to view scrapbooks relating to previous Swan Ball events containing articles and photos, and that when the employees working in the office requested that the former volunteers take the scrapbooks to their homes in order to view them, the former volunteers complied with that request. SBI denies all further allegations of Paragraph 227.

228.    Denied.

229.    Denied.

230.    SBI admits that it registered and currently owns nashvilleswanball.com, swanballpatrons.com, and 2025swanball.com.  SBI denies all further allegations of Paragraph 230.  For drafting clarity only, SBI will refer to the domains listed in Paragraph 230 of Cheekwood's counterclaim as the "New Domains".

231.    SBI admits that the New Domains are not yet linked to active websites and that Exhibit 11 purports to include screenshots of the webpages located at the New Domains.  SBI denies all further allegations in Paragraph 231.

232.    Admitted.

233.    Admitted.

234.    Admitted.

235.    Admitted.

236.    SBI admits that it owns and operates the @nashvilleswanball Instagram account and that Exhibit 14 purports to include screenshots from that account.  SBI denies all further allegations in Paragraph 236.

237.    Denied.

238.    Denied.  Specifically denied that valuable goodwill and reputation have been built by Cheekwood in the SWAN BALL Mark.

239.    Denied. Specifically denied that valuable goodwill has been built by Cheekwood in the SWAN BALL Mark.

240.    Denied. Specifically denied that valuable goodwill has been built by Cheekwood in the SWAN BALL Mark.

241. Denied.

242. Admitted.

243. Admitted.

244. Admitted.

245. Denied. The document speaks for itself.

246. Admitted.

247. SBI denies that the June 11 Letter, transmitted via email, is "undated". SBI admits the remaining allegations of Paragraph 247.

248. Denied. SBI avers that the document speaks for itself.

249. Admitted.

250. Admitted.

251. SBI lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 251 and on that basis denies them.

252. SBI lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 252 and on that basis denies them.

253. SBI admits that Exhibit 17 purports to reflect, in part, SBI's July 1 Letter. For drafting clarity only, SBI will refer to the letter referenced in Paragraph 253 of the counterclaim as the "July 1 Letter". SBI does not adopt or admit any express or implied characterizations of the July 1 Letter offered by Cheekwood in the counterclaim. SBI denies all further allegations of Paragraph 253.

254. Admitted.

255.    SBI admits that the email address board@nashvilleswanball.com with the display name Nashville Swan Ball Board was used to send the July 1 Letter. SBI denies all further allegations of Paragraph 255.

256.    Admitted.

257.    SBI lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 257 and on that basis denies them.

258.    SBI denies that Cheekwood has the authority to cease planning for the 2025 Swan Ball and associated events.  SBI denies that Cheekwood has previously been involved in the planning of previous years' Swan Ball events such that Cheekwood could "cease" planning.  SBI denies that Cheekwood has any control or authority over the planning of the 2025 Swan Ball event, or that Cheekwood's alleged vote has any impact on the planning or execution of the 2025 event. SBI lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 258 and on that basis denies them.

259.    SBI admits that Exhibit 18 purports to be a true and correct copy of the letter that SBI received from Cheekwood on July 2.  SBI denies all further allegations of Paragraph 259.

260.    SBI admits that Cheekwood requested a response by July 8.  SBI denies all further allegations of Paragraph 260.

261.    SBI admits that an email was sent containing the quoted language.  SBI denies all other allegations of Paragraph 261.

262.    Admitted.

263.    SBI denies that Cheekwood is in a position to make the requests or demands included in Cheekwood's Response Letter.  SBI admits the further allegations of Paragraph 263.

264.    Denied.

24

265.     Denied.

266.     Denied.

267.     SBI admits that Exhibit 19 purports to be a statement of the Cheekwood Board of Trustees and includes the quoted language. SBI denies all other allegations of Paragraph 267.

268.     SBI admits that it is planning Swan Ball 2025 and related events, as it has annually for six decades. SBI denies all further allegations of Paragraph 268.

269.     SBI lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 269, at least because "solicited and/or contracted with" is vague and ambiguous, and on that basis denies them.

270.     SBI denies that it has an immediate capability to produce charitable fundraising events. SBI further denies that use of the SWAN BALL Mark by SBI would be "infringing." SBI admits the further allegations of Paragraph 270.

271.     SBI admits that it made a communication including the quoted language. SBI denies all further allegations of Paragraph 271.

272.     SBI admits that the July 1 Letter includes the quoted language. SBI denies all other allegations of Paragraph 272.

273.     Admitted.

274.     SBI admits that the quoted language occurs in a Nashville Scene article. SBI denies all other allegations of Paragraph 274.

275.     SBI admits that Cheekwood has not authorized it to perform actions on Cheekwood's behalf. SBI denies that it requires Cheekwood's authorization, and denies that Cheekwood has any authority to grant or deny permission, for SBI to plan a 2025 Swan Ball, and denies all further allegations of Paragraph 275.

276.    Admitted.

277.    SBI admits that the quoted language appears in the July 22 Letter except where Cheekwood indicates it has been modified using square brackets.  SBI denies Cheekwood's characterizations of the July 22 Letter and denies all further allegations of Paragraph 277.

278.    SBI admits that the quoted language appears in the July 22 Letter.  SBI denies Cheekwood's characterizations of the July 22 Letter and denies all further allegations of Paragraph 278.

279.    SBI admits that Exhibit 21 accurately reflects Cheekwood's July 26 Response.  SBI denies all further allegations of Paragraph 279.

280.    SBI admits that Cheekwood indicated that it had previously paid all outstanding invoices for the 2024 Swan Ball and would pay any additional event-related invoices received pursuant to the relevant contract.  SBI further admits that Cheekwood declined to accede to SBI's other requests.  SBI denies all further allegations of Paragraph 280.

281.    Denied.

282.    Denied.

283.    Denied.

284.    Denied.

285.    Denied.

286.    Admitted.

287.    Denied.

288.    Denied.

289.    Denied.

290.    Denied.

291.    Denied.

292.    Denied.

293.    Denied.

294.    SBI incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

295.    Denied.

296.    Denied.

297.    Denied.

298.    Denied.

299.    Denied.

300.    Denied.

301.    Denied.

302.    Denied.

303.    Denied.

304.    Denied.

305.    SBI incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

306.    SBI admits that the SWAN BALL Mark is famous. SBI denies that Cheekwood owns the SWAN BALL Mark and denies all further allegations of Paragraph 306.

307.    Denied.

308.    Denied.

309.    Denied.

310.    Denied.

311.    Denied.

312.    Denied.

313.    Denied.

314.    Denied.

315.    Denied.

316.    Denied.

317.    SBI incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

318.    Denied.

319.    SBI admits that Cheekwood is listed as the Tennessee registration holder for the SWAN BALL Mark and that the quoted language appears within the registration.  SBI denies that Cheekwood owns the SWAN BALL Mark, denies that the registration is valid, and denies all further allegations of Paragraph 319.

320.    Denied.

321.    Denied.

322.    SBI admits that it intends to apply the SWAN BALL Mark on advertising charitable fundraising services.  SBI denies all further allegations of Paragraph 322.

323.    Denied.

324.    Denied.

325.    Denied.

326.    Denied.

327.    Denied.

328.    SBI incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

329.    SBI admits that the SWAN BALL Mark is distinctive and famous in Tennessee; that the Swan Ball has received significant media and press attention over the decades not only within Tennessee, but nationwide; and that attendees of the Swan Ball come from worldwide.  SBI denies all further allegations of Paragraph 329.

330.    Denied.

331.    Denied.

332.    Denied.

333.    Denied.

334.    Denied.

335.    Denied.

336.    Denied.

337.    Denied.

338.    SBI incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

339.    Paragraph 339 contains legal conclusions to which no response is required.  To the extent a response is required, SBI denies all allegations of Paragraph 339.

340.    Denied.

341.    Denied.

342.    Denied.

343.    Denied.

344.    Denied.

345.    Denied.

346.    Denied.

347.    SBI incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

348.    Denied.

349.    Denied.

350.    Denied.

351.    Denied.

352.    Denied.

353.    Denied.

354.    Denied.

355.    SBI incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

356.    SBI admits that the SWAN BALL Mark, as characterized in this Answer, is a distinctive or famous mark entitled to protection.  SBI denies all further allegations of Paragraph 356.

357.    SBI admits that it registered the New Domains.  SBI denies all further allegations of Paragraph 357.

358.    Denied.

359.    Denied.

360.    Denied.

361.    Denied.

362.    Denied.

363.    Denied.

364. Denied.

365. Denied.

366. Denied.

367. Denied.

368. SBI incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

369. SBI admits that Swan Ball volunteers came to the Swan Ball Office in order to view scrapbooks relating to previous Swan Ball events, and that when the employees working in the office requested that the former volunteers take the scrapbooks to their homes in order to view them, the volunteers complied with that request. SBI denies all further allegations of Paragraph 369.

370. Denied.

371. Denied.

372. Denied.

373. SBI incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

374. Denied.

375. Denied.

376. Denied.

377. Denied.

378. Denied.

379. Denied.

380. Denied.

381. Denied.

382. The remainder of the allegations in the counterclaim constitute prayers for relief to which no response is required. To the extent a response is required, SBI denies that Cheekwood is entitled to any relief whatsoever against it.

383. To the extent any response is required to the section headings of the counterclaim, any allegations contained therein are denied.

384. Any allegation not admitted previously is hereby denied.

## <u>DEFENSES</u>

385. The burden of proof with respect to any of the defenses and issues listed below are as provided by the applicable substantive law. Characterizing the defenses below as affirmative defenses does not shift the burden of proof to SBI on any issue for which Cheekwood holds the burden of proof.

386. Cheekwood's counterclaims fail to state a claim on which relief can be granted because SBI has not acted and has not proposed to act in violation of a right belonging to Cheekwood.

387. Cheekwood's counterclaims fail to recite factual allegations sufficient to state a plausible claim for relief as required by Fed. R. Civ. P. 8.

388. Cheekwood's claims are barred in whole or in part for lack of subject-matter jurisdiction.

389. Cheekwood's claims under Tennessee law are barred in whole or in part because the exercise of pendent jurisdiction would be improper.

390. Cheekwood's claims are barred in whole or in part because Cheekwood lacks standing.

391. Cheekwood's request for injunctive relief is barred because Cheekwood's claims are not likely to succeed on the merits, the claims do not demonstrate irreparable harm, the balance of

equities does not weigh in Cheekwood's favor, and issuance of an injunction is not in the public interest.

392.    Cheekwood's request for relief under the Computer Fraud and Abuse Act cannot be granted because Cheekwood has not attempted to state a claim for violation of the Computer Fraud and Abuse Act.

393.    Cheekwood's claims should be rejected for the reasons set forth in SBI's Complaint.

394.    Cheekwood's claims are barred by unclean hands as shown by Cheekwood's conduct as recited in SBI's Complaint.

395.    Cheekwood's claims are barred in whole or in part by the doctrines of laches, waiver, and/or undue delay.

396.    Cheekwood's claim for conversion is barred by the defense of consent based on at least the authorization provided by the employees to perform the recited acts.

397.    Cheekwood's claims are barred by the doctrine of acquiescence, estoppel, licensee estoppel, and/or merger.

398.    Cheekwood's claims are barred in whole or in part by the applicable statute of limitations.

399.    Cheekwood's claims are barred in whole or in part by absence of priority.

400.    Cheekwood's claims are barred in whole or in part by lack of ownership.

401.    Without admitting the counterclaim states a claim, there has been no damage in any amount by reason of any act alleged against SBI in the counterclaim, and therefore the relief prayed for in the counterclaim cannot be granted.

402.    Any award of judgment sought by Cheekwood would unjustly enrich Cheekwood.

403.     SBI reserves the right to amend its pleadings, including but not limited to this Answer, as appropriate and in the interest of justice.

404.     SBI reserves the right to assert additional defenses at the close of discovery.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, SBI hereby requests a jury trial on all issues so triable.

Respectfully submitted,

/s/
Chanelle Acheson
Attorney for Plaintiff/Counter-Defendant
Waddey Acheson, LLC
1030 16th Ave S.
Floor 3, Suite 300
Nashville, TN 37212
chanelle@waddeyacheson.com
Bar # 30008

Jack Waddey
Waddey Acheson, LLC
Attorney for Plaintiff/Counter-Defendant
1030 16th Ave S.
Floor 3, Suite 300
Nashville, TN 37212
Jack@waddeyacheson.com
Bar # 00002665

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document has been served upon counsel for the Defendant/Counter-Plaintiff via electronic mail and U.S. Mail, addressed to:

Maia Woodhouse
Adams & Reese
1600 West End Avenue
#1400
Nashville, TN 37203

On this 20th day of August, 2024.

/s/

Chanelle Acheson
Attorney for Plaintiff/Counter-Defendant
Waddey Acheson, LLC
1030 16th Ave S.
Floor 3, Suite 300
Nashville, TN 37212
chanelle@waddeyacheson.com