IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SB INITIATIVE, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | CIVIL ACTION NO. 3:24-cv-00821 |
| ) | |
| v. ) | DISTRICT JUDGE ELI J. |
| ) | RICHARDSON |
| CHEEKWOOD BOTANICAL GARDEN ) | MAGISTRATE JUDGE BARBARA D. |
| AND MUSEUM OF ART, ) | HOLMES |
| ) | |
| Defendant/Counter-Plaintiff. ) | JURY DEMAND |
| ) | |
| ) | |

**[PROPOSED] ORDER GRANTING CHEEKWOOD BOTANICAL GARDEN AND MUSEUM OF ART'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AGAINST SB INITIATIVE, INC.**

Before the Court is Cheekwood Botanical Garden and Museum of Art's ("Cheekwood") Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 17) (the "Motion") against SB Initiative, Inc. ("SBI"). Pursuant to Federal Rule 65, Cheekwood seeks to enjoin SBI, and its officers, agents, servants, employees, and attorneys, and any other persons acting in concert with any of the foregoing, from using in any way the trademark SWAN BALL in violation of Cheekwood's registered and common law rights in the SWAN BALL trademark (the "SWAN BALL Mark").

The Court, having considered Cheekwood's Answer, Defenses, and Counterclaims (ECF No. 12) (the "Counterclaims"); SBI's Answer to Cheekwood's Counterclaims (ECF No. 16); the Motion for Temporary Restraining Order and Preliminary Injunction and any responses or replies; and all appropriate materials on file; finds that the Motion is well-taken and should be GRANTED.

# FINDINGS

1. Cheekwood is the owner of federal and state rights in the mark SWAN BALL ("SWAN BALL Mark") for use in connection with "[c]haritable fundraising services involving auction and gala events with proceeds going to Cheekwood Botanical Garden and Museum of Art." Cheekwood is also the owner of Tennessee trademark registration no. 42241 for the trademark SWAN BALL for use in connection with the aforementioned services.

2. Cheekwood has demonstrated a strong likelihood of success on the merits of its claims that SBI's use of the SWAN BALL Mark constitutes federal and state trademark infringement and related claims (Counterclaim Counts I, III, V, VI, and IX) as well as its defense based on SBI's lack of standing. Cheekwood has established a strong likelihood of success on the merits because it was the first to use and register the SWAN BALL Mark and any and all subsequent use of the mark by volunteers and committees was on Cheekwood's behalf.

3. Cheekwood will suffer imminent and irreparable harm in the absence of an injunction and as a result of SBI's use of the SWAN BALL Mark as a trademark, business name, trade name, and domain name.

4. The balance of harms weighs in favor of granting the requested injunction.

5. The requested injunction serves the public interest.

6. Because the balance of harms weighs overwhelmingly in Cheekwood's favor, the requirement that Cheekwood post a bond shall be waived.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. SBI, and its officers, agents, servants, employees, attorneys, and anyone in active concert or participation with any of the foregoing, shall be forthwith temporarily restrained and enjoined from the following acts, until such time as a preliminary injunction hearing may be held:

a. Making any unauthorized use of the SWAN BALL Mark, or any reproduction, counterfeit, copy, or colorable limitation thereof, in connection with the sale of any goods or offering of any services;

b. Manufacturing, distributing, advertising, marketing, promoting, displaying, offering for sale, and/or selling any infringing goods or services, with marks that look confusing similar to any of the SWAN BALL Mark, as well as any other forms of markings, packaging, labels, wrappers, containers, articles, products, displays, signs, circulars, kits, literature, materials, receptacles, catalogs, price lists, promotional materials, or websites and the like bearing any unauthorized, infringing, or otherwise unlawful reproduction, counterfeit, copy, or colorable imitation of the SWAN BALL Mark;

c. Using any mark, trade dress, design, statement, or representation that may be calculated to falsely represent or that has the effect of falsely representing that the services or products of SBI are in any way sponsored by, originate with, or are associated or approved by Cheekwood;

d. Falsely representing itself or its goods or services as affiliated with, connected with, associated with, or approved by Cheekwood;

e. Advertising, marketing, promoting, offering for sale, selling, importing, exporting, distributing, and/or transferring infringing and/or counterfeit goods and services and/or anything confusingly similar thereto, or any reproduction, counterfeit, copy, or colorable imitation thereof, and/or any other unauthorized, infringing, or otherwise unlawful use of the SWAN BALL Mark, through any means whatsoever, including, but not limited to, retail, wholesale, via the Internet, mail order, telephone, or any other method of interstate or intrastate commerce;

f. Doing any other act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, including prospective customers of Cheekwood, as to the source of the goods or services offered, distributed, marketed, advertised, or sold by SBI, or as to whether there is a connection between Cheekwood and SBI; and

g. Assisting, aiding, or abetting any other person or entity in engaging in any of the activities set forth in paragraphs (a) through (f) above.

2. SBI shall file with this Court and serve on Cheekwood within forty-eight (48) hours after the service of the Order, a report in writing under oath, setting forth in detail the manner and form in which SBI has complied with the Order.

3

3. Cheekwood shall be entitled to enforce this injunction for the pendency of this lawsuit without the requirement of a bond, or a bond is set at _____.

4. The parties may immediately commence expedited discovery related to the claims made in Cheekwood's Motion.

5. Cheekwood shall be permitted to file a supplemental memorandum in further support of its request for preliminary injunction upon the conclusion of expedited discovery.

6. The parties shall confer and submit to the Court a proposed briefing schedule setting forth deadlines for SBI to respond to Cheekwood's Motion; to exchange expedited discovery; to disclose fact and expert witnesses; to permit the exchange of expert reports, if any.

7. This temporary restraining order is effective upon its issuance on _____, 2024, at _____ a.m./p.m.

8. This temporary restraining order shall expire at midnight on the fourteenth day after its issuance.

9. The preliminary injunction hearing on Cheekwood's Motion shall be set for _____, 2024.

IT IS SO ORDERED.


Dated this __ day of September 2024.                    _____
                                                        HONORABLE ELI J. RICHARDSON
                                                        UNITED STATES DISTRICT JUDGE

Submitted for entry:

**ADAMS AND REESE LLP**

/s/ Maia T. Woodhouse
Maia T. Woodhouse, TN BPR No. 030438
Jin Yoshikawa, TN BPR No. 038385
1600 West End Avenue, Suite 1400
Nashville, Tennessee 37203
Tel: (615) 259-1450
Fax: (615) 259-1470
maia.woodhouse@arlaw.com
jin.yoshikawa@arlaw.com

*Attorneys for Defendant/Counter-Plaintiff Cheekwood Botanical Garden and Museum of Art*