IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SB INITIATIVE, INC, | ) |
|     Plaintiff/Counter-Defendant, | ) Civil No. 3:24-cv-821 ) |
| v. | ) DISTRICT JUDGE ELI J. ) RICHARDSON ) MAGISTRATE JUDGE BARBARA D. |
| CHEEKWOOD BOTANICAL GARDEN AND MUSEUM OF ART, | ) HOLMES ) ) JURY DEMAND |
|     Defendant/Counter-Plaintiff. | ) |

_____

**CHEEKWOOD BOTANICAL GARDEN AND MUSEUM OF ART'S
MOTION FOR EXPEDITED DISCOVERY**
_____

Defendant/Counter-Plaintiff Cheekwood Botanical Garden and Museum of Art ("Cheekwood"), pursuant to Federal Rule of Civil Procedure 26(d) and Local Rule 7.01, respectfully moves this Court to permit the parties to engage in expedited discovery prior to the determination and/or hearing on Cheekwood's request for preliminary injunctive relief as raised in Cheekwood's Motion for Temporary Restraining Order and Preliminary Injunction against Plaintiff/Counter-Defendant SB Initiative, Inc. ("SBI"). Cheekwood submits that good cause exists to permit the narrowly tailored discovery requested on an expedited basis as detailed in Cheekwood's Memorandum in Support being filed contemporaneously with this Motion. A Proposed Order granting this Motion is submitted herewith.

WHEREFORE, Cheekwood respectfully requests that the Court grant this Motion an allow for expedited discovery as follows:

1

A. Discovery may commence immediately. The parties need not await a discovery conference or the exchange of initial disclosures prior to initiating discovery through any means permitted by the Federal Rules of Civil Procedure, subject to the limitations set forth herein.

B. Cheekwood may immediately serve the discovery requests limited to the narrow topics described in its Memorandum in Support filed contemporaneously with this Motion. Any expedited discovery served by SBI shall be likewise limited to those issues. Service of the limited discovery requests may be effected via email. A party receiving limited discovery requests shall answer the limited discovery requests, including the production of responsive documents and electronically stored information, by no later than eleven (11) days after receipt.

C. Cheekwood is hereby permitted to subpoena testimony and/or documents and things from third parties in connection with its Motion for Temporary Restraining Order and Preliminary Injunction, including but not limited to any purported assignors of the SWAN BALL mark to SBI.

D. The parties may take no more than eight (8) depositions per side without further leave of the Court. Depositions may be scheduled on five (5) days' written notice to the parties, and in no event later than one (1) day prior to the preliminary injunction hearing set by the Court, which notice may be served by email. A third party receiving a subpoena may be deposed within five (5) or more days after receipt of the notice or subpoena, and in no event later than one (1) day prior to the preliminary injunction hearing set by the Court. The parties shall provide a list of Fed. R. Civ. P. 30(b)(6) topics to opposing counsel by no later than three (3) days prior to the deposition of a party.

E. If any party determines that additional expedited discovery beyond the limitations in any Order granting this Motion is necessary prior to the preliminary injunction hearing, the

parties shall engage in good faith discussion(s) of the reasons that additional written discovery is necessary and reach an agreement, if possible. If agreement cannot be reached, a party may move the Court for leave to undertake additional discovery.

F.   Nothing in an Order granting this Motion shall be deemed to limit fact or expert discovery in any way following the hearing on the Motion for Preliminary Injunction, including, but not limited to, the parties' rights to take a second deposition of any party deponent or third-party witnesses and the limitations on the number of depositions or interrogatories. Further, nothing in such an Order shall limit a party from identifying, using, and/or deposing an expert or additional experts after the hearing on the Motion for Preliminary Injunction; and

G.   The parties, by agreement, may adjust this schedule upon providing written notice to the Court.

## **LOCAL RULE 7.01 CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.01 (a)(1), the undersigned hereby certifies that she attempted to confer with counsel for SB Initiative, Inc. ("SBI") on the relief requested but the parties have been unable to confer. The undersigned contacted counsel for SBI by telephone on Friday, August 30, 2024, at approximately 9:30am and left a message, and followed up by email at 4:36pm. As of the time of this filing, the undersigned has not received a response but will supplement this certification with SBI's position on the relief requested once confirmed.

SBI further has notice of this filing by virtue of the Court's CM/ECF filing system.

Dated this 3rd day of September 2024.    Respectfully submitted,

**ADAMS AND REESE LLP**

/s/ Maia T. Woodhouse
Maia T. Woodhouse, TN BPR No. 030438
Jin Yoshikawa, TN BPR No. 038385
1600 West End Avenue, Suite 1400
Nashville, Tennessee 37203
Tel: (615) 259-1450
Fax: (615) 259-1470
maia.woodhouse@arlaw.com
jin.yoshikawa@arlaw.com

*Attorneys for Defendant/Counter-Plaintiff Cheekwood Botanical Garden and Museum of Art*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 3rd day of September 2024, the foregoing document was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. Mail, postage prepaid, and/or hand delivery. Parties may access this filing through the Court's electronic filing system.

    Chanelle Acheson
    Jack Waddey
    WADDEYACHESON
    1030 16th Avenue South
    Suite 165, Second Floor
    Nashville, Tennessee 37212
    Tel: (615) 839-1100
    Email: chanelle@waddeyacheson.com
           jack@waddeyacheson.com

/s/ Maia T. Woodhouse
Maia T. Woodhouse