IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SB INITIATIVE, INC. a 501(c)(3) Organization | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| v. | ) | |
| | ) | Docket No. 3:24-cv-821 |
| CHEEKWOOD BOTANICAL GARDEN | ) | DISTRICT JUDGE ELI J. |
| AND MUSEUM OF ART, a 501(c)(3) | ) | RICHARDSON |
| Organization | ) | MAGISTRATE JUDGE |
| | ) | BARBARA D. HOLMES |
| Defendant/Counter-Plaintiff. | ) | |

**PLAINTIFF'S PROPOSED SUR-REPLY IN OPPOSITION TO CHEEKWOOD'S REPLY**

Plaintiff SB Initiative, Inc. ("SBI") hereby provides a sur-reply to Defendant Cheekwood Botanical Garden and Museum of Art ("Cheekwood")'s Reply, as follows:

- SBI does not focus on primacy of use of the mark because it is not at issue. Both parties agree the name originated with the first Swan Ball, and neither party used it before then. Both parties agree that the SWAN BALL mark has only ever been used by either party to refer to the annual gala event. But Cheekwood has **never** used the SWAN BALL mark in any proprietary manner. Cheekwood has only ever used the mark to refer to events fully controlled by the Swan Ball Committee, not by Cheekwood. Thus the **only** issue at hand is the control of the mark, and **only** the Committee has controlled the nature and quality

- of the goods and services provided under the Swan Ball name. As a result, **only** the Committee owns the SWAN BALL mark.[1]

- Cheekwood claims SBI did not provide any authority showing that volunteers can own a trademark. This is false. SBI cited, among others, **Southern California Darts Ass'n v. Zaffina**, where the court held that unincorporated associations can indeed own trademarks. SBI Resp. at 21. In any event, Cheekwood's characterization of the Committee as "volunteers" is irrelevant to the agency analysis in the absence of any showing of a right to or actual control of those volunteers. The Swan Ball Committee, functioning as an unincorporated association for decades, owns the SWAN BALL mark, and SBI is its rightful successor.

- Cheekwood submits statements from three former Swan Ball co-chairs alleging Cheekwood's control over the event. However, two of these statements are directly contradicted by their own co-chairs from the same years, the third co-chair has sadly passed away. *See* Statement of Em Crook, who co-chaired the Swan Ball in 1988 with Mary Simonson, attached to SBI's response as page 14-15 of Exhibit 8; SBI anticipates filing the forthcoming Statement of Carole Sergeant, Co-Chair of Swan Ball in 1997 with Josephine Sergeant later today, Ms. Sergeant is currently unavailable for signature.

Cheekwood's entire argument is built on unsupported assertions. The SWAN BALL mark has always been, and continues to be, owned by the Swan Ball Committee. Cheekwood will be

---

[1] Cheekwood's 2004 state registration of the SWAN BALL mark in Tennessee is largely irrelevant, given that the inquiry under trademark law is what entity controls the nature and quality of the goods and services under the mark. Even if the mark was valid when registered (it was not; the registration is *void ab initio* for a number of reasons), SBI has submitted to this court the statement of Jack Becker, CEO of Cheekwood from the year the mark was registered and for the six years afterward, stating that Cheekwood did nothing to control the nature and quality of the Swan Ball.

unable to prove its ownership of the mark at trial, and its Motions for Temporary Restraining Order and Preliminary Injunction must be denied.[2]

Respectfully submitted,

/s/ *Chanelle Acheson*
Chanelle Acheson
Attorney for Plaintiff/Counter-Defendant
Waddey Acheson, LLC
1030 16th Ave S.
Floor 3, Suite 300
Nashville, TN 37212
chanelle@waddeyacheson.com
Bar # 30008

Jack Waddey
Waddey Acheson, LLC
Attorney for Plaintiff/Counter-Defendant
1030 16th Ave S.
Floor 3, Suite 300
Nashville, TN 37212
Jack@waddeyacheson.com
Bar # 00002665

---

[2] Cheekwood questions the characterization and accuracy of citation of a few authorities relied on in SBI's Response. SBI's counsel had severely limited time to draft the Response, *see* D.I. 27, and will notify the Court promptly if it determines that any corrections regarding its use of these authorities are warranted.

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2024 a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Maia Woodhouse
Adams & Reese
1600 West End Avenue
#1400
Nashville, TN 37203


/s/ *Chanelle Acheson*

Chanelle Acheson
Attorney for Plaintiff/Counter-Defendant
Waddey Acheson, LLC
1030 16th Ave S.
Floor 3, Suite 300
Nashville, TN 37212
chanelle@waddeyacheson.com