# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SB INITIATIVE, INC., | ) |
|     Plaintiff/Counter-Defendant, | ) CIVIL ACTION NO. 3:24-cv-00821 |
| v. | ) DISTRICT JUDGE ELI J. RICHARDSON |
| CHEEKWOOD BOTANICAL GARDEN AND MUSEUM OF ART, | ) MAGISTRATE JUDGE BARBARA D. HOLMES |
|     Defendant/Counter-Plaintiff. | ) JURY DEMAND |

---

**CHEEKWOOD BOTANICAL GARDEN AND MUSEUM OF ART'S MOTION TO STRIKE SB INITIATIVE, INC.'S IMPROPER SUPPLEMENTAL MATERIALS AND INCORPORATED MEMORANDUM OF LAW (DOC. NO. 41)**

---

COMES NOW Cheekwood Botanical Garden and Museum of Art ("Cheekwood") and, pursuant to this Court's inherent powers, respectfully moves the Court to strike SB Initiative, Inc.'s improper evidentiary submissions as untimely and violative of the Court's Order (Doc. No. 29) and the Local Rules of this Court.

Enough is enough. The Court ordered SBI's to respond to Cheekwood's Motion on September 5, 2024 (Doc. No. 26), and extended the deadline to September 6, 2024, at SBI's request. (Doc. Nos. 27, 29).

SBI then filed—without attempting to confer with Cheekwood in accordance with Local Rule 7.01(a)(1)—a motion for leave to file nearly double the amount of pages allotted by the Local Rules, which was granted. (Doc. Nos. 30, 31).

SBI then filed—again, without attempting to confer with Cheekwood—a motion for leave to file a sur-reply, which was granted. (Doc. Nos. 37, 38).

SBI then filed—once again, without attempting to confer with Cheekwood—a motion to correct several (but not all) misstatements and inaccuracies in its 40-page brief, and in which SBI

1

attempted to supplement (not just correct) its Response with new case cites that are untimely and inapplicable. (Doc. No. 40).

SBI has now filed—without seeking leave of the Court (and, as has become its habit, without conferring with Cheekwood)—additional documents purportedly supporting SBI's response that the Court ordered that SBI file a week ago. (Doc. No. 41).

SBI's proposed evidentiary submissions are procedurally improper, entirely cumulative, and irrelevant. The motion before the Court was filed *by Cheekwood* to seek relief for escalating and irreparable harm inflicted by SBI. SBI is not entitled, by right or rule, to "have the last word." SBI is not entitled to supplement its "response" indefinitely, without leave of Court, and without Cheekwood (the movant) being able to respond.[1]

Cheekwood acknowledges that motions to strike under Federal Rule 12(f) are limited to pleadings. However, the Court has broad discretion to control its docket, *see Marie v. American Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014), including striking unsanctioned sur-replies or supplemental material. *See Jones v. Northcoast Behavioral Healthcare System*, 84 Fed. Appx. 597, 599 (6th Cir. 2003). Indeed, in affirming the trial court's decision to strike a supplemental brief, the Sixth Court explained:

> Jones had a deadline to submit a response. Jones filed a response and Northcoast took the time to file a reply. The case was ready for a decision. Jones had no authority to file supplemental briefings. The district court's decision to strike the supplemental memoranda was not an abuse of discretion.

*Id.* The same is true here. SBI had a deadline to respond and requested and received an extension. Cheekwood took the time to reply, within the time and page limits permitted by the Local Rules.

---

[1] For clarity, Cheekwood does not seek leave to respond to the cumulative and irrelevant materials submitted by SBI at this time, as they are improper and should receive no consideration and Cheekwood does not wish to delay a decision on Cheekwood's motion for temporary restraining order.

2

Local Rule 7.01(a)(4). SBI obtained leave to file a sur-reply, then again supplemented its original response with a motion to correct. Cheekwood's motion is ready for decision. SBI has no authority to file additional supplemental material. Nor does the supplemental material add any probative value as it is simply more of the same being offered in support of SBI's erroneous legal theory.

SBI should not be permitted to run roughshod over the rules of this Court and Cheekwood's rights. SBI is aware that, in granting SBI leave to sur-reply, the Court cautioned the parties that the documents filed on Monday may impact its ability to decide Cheekwood's motion for temporary restraining order. SBI should not be permitted to further delay the Court's decision so that SBI can continue to cause harm and confusion in the marketplace in the interim. Indeed, Cheekwood has discovered that—despite the Court's order informing the parties that it intended to rule on Monday—SBI has distributed an invitation for a *new* party that they are throwing under Cheekwood's SWAN BALL Mark, set to occur on September 18, 2024. **Exhibit 1** hereto.

Cheekwood respectfully requests the Court strike SBI's improper supplemental filings at Doc. No. 41, and order SBI to comply with the Local Rules of this Court before making any further unnecessary and improper filings.

Dated this 11th day of September 2024.  Respectfully submitted,

**ADAMS AND REESE LLP**

/s/ Maia T. Woodhouse
Maia T. Woodhouse, TN BPR No. 030438
Jin Yoshikawa, TN BPR No. 038385
1600 West End Avenue, Suite 1400
Nashville, Tennessee 37203
Tel: (615) 259-1450
Fax: (615) 259-1470
maia.woodhouse@arlaw.com
jin.yoshikawa@arlaw.com

*Attorneys for Defendant/Counter-Plaintiff Cheekwood Botanical Garden and Museum of Art*

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2024, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

Chanelle Acheson
Jack Waddey
WADDEYACHESON
1030 16th Avenue South
Suite 165, Second Floor
Nashville, Tennessee 37212
Tel: (615) 839-1100
Email: chanelle@waddeyacheson.com
       jack@waddeyacheson.com

/s/ Maia T. Woodhouse
Maia T. Woodhouse

# EXHIBIT 1



Please join us for

*Cocktails & Hors d'oeuvres*

HONORING THE HISTORY OF SWAN BALL
AND ALL FORMER SWAN BALL CHAIRMEN

WEDNESDAY, SEPTEMBER EIGHTEENTH
FROM FOUR TO SIX IN THE AFTERNOON

BELLE MEADE COUNTRY CLUB
FAIRWAY ROOM

MELANIE BAKER AND LAURA NIEWOLD
2025 SWAN BALL CHAIRMEN

