# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SB INITIATIVE, INC. a 501(c)(3) Organization ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| v. ) | |
| ) | Docket No. 3:24-cv-821 |
| CHEEKWOOD BOTANICAL GARDEN ) | DISTRICT JUDGE ELI J. |
| AND MUSEUM OF ART, a 501(c)(3) ) | RICHARDSON |
| Organization ) | MAGISTRATE JUDGE |
| ) | BARBARA D. HOLMES |
| Defendant/Counter-Plaintiff. ) | |

## PLAINTIFF SB INITIATIVE, INC.'S RESPONSE TO CHEEKWOOD'S MOTION TO STRIKE SUPPLEMENTAL MATERIALS

In response to Defendant Cheekwood Botanical Garden and Museum of Art ("Cheekwood")'s Motion to Strike, Plaintiff SB Initiative, Inc. ("SBI") states as follows:

Courts have broad discretion to manage their dockets and allow supplemental filings when it serves the interests of justice or would be helpful to the Court. *Coulter v. Bissoon*, 2017 U.S. Dist. LEXIS 103585, *6 (W.D. Pa. July 5, 2017), *Tatneft v. Ukraine*, 2020 U.S. Dist. LEXIS 84018, *7 (D.D.C. May 13, 2020). "[T]he Federal Rules of Evidence do not strictly apply in the preliminary injunction context," as preliminary injunction motions are customarily decided "on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024) (citations omitted). In contrast, Rule 12(f) describes materials subject to a motion to

strike as those that are "an insufficient defense" or "redundant, immaterial, impertinent, or scandalous matter," i.e., matter that "is not relevant to the performance of the judicial function . . . ." Fed. R. Civ. P. 12(f); *Brown v. Maxwell*, 929 F.3d 41, 52 (2d Cir. 2019) (internal quotation marks omitted).

Nothing in SBI's Supplementary documents meets the description of material that is properly subject to a Motion to Strike. SBI's supplemental filing is in the interest of justice and helpful to the Court. In the almost two months (56 days) between SBI's filing of the current suit and Defendant Cheekwood's filing of their Motion for a TRO[1], Cheekwood had abundant time in which to gather evidence to support its Motion. **Plaintiff SBI had 75 hours**. With the abbreviated timeline, SBI put forth a herculean effort to get a Response complete and filed by the deadline. But even with that effort, it was impossible to contact, coordinate with, and obtain statements of several witnesses with probative evidence in that limited timeframe. SBI can understand why Cheekwood would want the new submissions struck, especially the extremely detailed 53-page document by the 2017-2019 and 2024 event coordinator, describing in immense detail the timeline of the weeks leading up to and the days after the 2024 Swan Ball gala, in which Ms. MacLeod—despite her attestation that she was intimately involved in the planning of the event—is listed nowhere as a contact (57 other individual points of contact are included), only mentioned as a part of the welcome speech to the event, and even then labeled as a "Guest". However, simply because the evidence is damaging to Cheekwood's case is not a reason for it to be struck.[2]

---

[1] The two-month delay belying Cheekwood's claim to need a TRO in the first instance.
[2] Moreover, SBI's proposed sur-reply, which was before the Court when the motion to permit SBI's sur-reply was granted, expressly contemplated a later filing of additional evidence. D.I. 37.1.

The evidence submitted is relevant to the Court's consideration of the motions for preliminary relief and is therefore not "immaterial" or "impertinent" under Rule 12(f). The Court's decision whether to grant or deny a motion to strike is discretionary, and motions to strike are "with disfavor and are not frequently granted." Kirkbride v. Kroger Co., 2023 U.S. Dist. LEXIS 157141 *7 (S.D. Ohio Sept. 5, 2023) (quoting *Operating Engineers Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)). Evidentiary standards and procedure are flexible in the preliminary-relief context.

The Motion to Strike should be denied.

Respectfully submitted,

/s/ *Chanelle Acheson*
Chanelle Acheson
Attorney for Plaintiff/Counter-Defendant
Waddey Acheson, LLC
1030 16th Ave S.
Floor 3, Suite 300
Nashville, TN 37212
chanelle@waddeyacheson.com
Bar # 30008

Jack Waddey
Waddey Acheson, LLC
Attorney for Plaintiff/Counter-Defendant
1030 16th Ave S.
Floor 3, Suite 300
Nashville, TN 37212
Jack@waddeyacheson.com
Bar # 00002665

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2024 a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Maia Woodhouse
Adams & Reese
1600 West End Avenue
#1400
Nashville, TN 37203


/s/ *Chanelle Acheson*

Chanelle Acheson
Attorney for Plaintiff/Counter-Defendant
Waddey Acheson, LLC
1030 16th Ave S.
Floor 3, Suite 300
Nashville, TN 37212
chanelle@waddeyacheson.com